Thayer *v.* Commonwealth.

## ELIPHALET THAYER *vs.* THE COMMONWEALTH.

A judgment of a justice of the peace, in a criminal case, is erroneous, if the complaint do not show in what town or county the alleged offence was committed.

A writ of error lies, to reverse a judgment of a justice of the peace, in a criminal case, although the judgment was open to an appeal.

SHAW, C. J. This is a writ of error, brought to reverse the judgment of a justice of the peace in the county of Plymouth, upon a complaint, made before him, of an assault and battery, by which judgment the plaintiff in error was sentenced to pay a fine and costs. There is no doubt that the judgment is erroneous in not stating within what town or county the alleged assault was committed; so that it does not appear that the justice of the peace had jurisdiction. Two questions are raised: 1. Whether this judgment can be reversed, on any form of process, when the judgment was open to an appeal. 2. If it may be, then whether it should be on writ of error or *certiorari*.

In regard to the first, we are of opinion that the rule frequently stated, that error will not lie where there is a right of appeal, is now held with many exceptions and qualifications; and that whatever may be the rule in regard to judgments in civil actions, it does not apply to judgments in criminal prosecutions. *Ex parte Cooke,* 15 Pick. 234.

But the material question is, whether the judgment of a justice of the peace, in a criminal case, shall be brought before this court, by writ of error or *certiorari*. It is remarkable that

there is no adjudged case, and no regular, recognized and settled practice on the subject. There has probably been some confusion and uncertainty in the practice. We have no doubt that many judgments of justices of the peace, criminal and civil, have been reversed on error; but if this were done by consent, or without raising or discussing the question, it would not be likely to be found in the reports. We were referred to one case, in the argument, where a similar judgment was reversed on error, in the county of Norfolk, at October term 1845. *Russell* v. *Commonwealth*. But as judgment was there reversed *by consent*, it does not afford much authority.

A writ of error is understood to be a writ *ex debito justitiæ*, where, by reason of any material error or mistake in a judgment actually rendered in a court of record, the judgment is illegal, and ought not to stand. The following description of a court of record, as the result of the cases cited, is commended by Mr. Dane : " Whenever a new jurisdiction is erected by statute, and the court or judge, that exercises that jurisdiction, acts as a court or judge *of record*, according to the course of the common law, *a writ of error* lies on their judgments ; but where they act in a summary method, or in a new course, different from the common law, only a *certiorari* lies." 5 Dane Ab. 56, 57. A power to fine and imprison is sometimes stated as the distinguishing characteristic ; but as such power may be given by special statute, or otherwise, it is no certain test. The power of proceeding according to the course of the common law, though the jurisdiction be newly given by statute, seems to be a more certain one.

By statute, justices are required to keep a record of all their judicial proceedings, both in civil and criminal cases. Rev. Sts. *c.* 85, § 35. The existence of such record is recognized, and its production required, in various cases. On the decease of a justice, another justice may transfer his record, in civil cases, and issue execution upon it. Rev. Sts. *c.* 85, §§ 19, 21. By § 16, *scire facias* may be founded on a justice's judgment. By § 33, a justice may punish disorderly conduct, or contempt of his authority, by fine or imprisonment.

Thayer *v.* Commonwealth.

By various provisions of the statutes, justices of the peace have jurisdiction to hear, determine and pass sentence, in case of assaults and offences not of a high and aggravated nature, which judgment is final and conclusive, if not appealed from. It is not merely a preliminary examination, leading to other proceedings, but a judgment, in its strict sense, fully warranting its execution by the proper officers of the law. Such is their jurisdiction in cases of assaults and batteries, and other breaches of the peace, when the offence is not of a high and aggravated nature. So they shall try all offences within their jurisdiction, committed within their respective counties, and sentence all persons convicted thereof, according to law. Rev. Sts. *c.* 85, §§ 25, 26.

On this view of the authority of a justice of the peace, and the nature of his court, without considering the various cases in which he is authorized to exercise a peculiar and special jurisdiction, or to enter a special and peculiar judgment, order or decree, and also without considering his authority to examine, commit, and bind over, in cases of high offences, we are of opinion, that when he is vested with a jurisdiction to hear, try and pass sentence, which sentence is definite, subject only to the right of appeal and when the mode of trial, the rules of pleading and evidence, and the nature of the punishment, are all according to the course of the common law, he acts as a court or judge of record, and that his judgments are liable to be brought before this court, and examined, and thereupon affirmed or reversed, by writ of error.

We are aware that the question was much discussed, in a recent case, whether a justice's court is a court of record; but the court declined deciding it, as an abstract question. *Smith* v. *Morrison*, 22 Pick. 430. And perhaps it is impossible to decide this as an abstract question, according to any ancient and established definition of a court of record. The legislature may make laws—in fact we think they have made laws —vesting in magistrates and tribunals, some of the powers and qualities of a court of record, accompanied also with a special and peculiar jurisdiction, which cannot be carried into effect

in the course of the common law. They may erect new tribunals, with enumerated powers, some of a general and common law character, and some of a peculiar character, requiring proceedings other than those of the common law In such cases, we must rather look at the character of the jurisdiction conferred on such tribunal, than at the name or description by which it may be designated. A court may be so constituted by statute, as to be a court of record, a court proceeding strictly according to the course of the common law for some purposes, and not for others; and so the form of the process, *error* or *certiorari*, must be adapted rather to the nature of the proceeding, than to the supposed designation of the tribunal.

In the present case, the court are of opinion that error will lie.                                          *Judgment reversed*

*E. Ames,* for the plaintiff in error.

*Clifford,* (District Attorney,) for the Commonwealth.